UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRY HAYS-CLARKE, <br><br> Plaintiff, <br><br> v. <br><br> SANOFI US SERVICES INC. and SANOFI-AVENTIS U.S. LLC, <br><br> Defendants. | Case No. 1:23-cv-16151 <br><br> The Honorable Thomas M. Durkin |

# JOINT STATUS REPORT

Counsel for Plaintiff Sherry Hays-Clarke ("Plaintiff") and Defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC (collectively "Sanofi") have conferred and formulated the following joint status report in accordance with the Court's procedures for reassigned cases.

**1. NATURE OF THE CASE**

**A.** *Attorneys of Record*: Plaintiff is represented by Russell W. Lewis, IV, and Pierce Jones of Johnson Law Group. Defendants are represented by William F. Northrip and Jousef M. Shkoukani of Shook, Hardy & Bacon, L.L.P.

**B.** *Basis for Federal Jurisdiction*: Jurisdiction is proper pursuant to 28 U.S.C. § 1332. On November 6, 2023, this case transferred to this Court from MDL 2740 entitled *In re: Taxotere (Docetaxel) Products Liability Litigation*. Plaintiff Sherry Hays-Clarke alleges she experienced "disfiguring permanent alopecia" from her use of the chemotherapy drug docetaxel (Taxotere). This type of injury satisfied the $75,000 amount in controversy requirement. Plaintiff is a citizen of Illinois and Defendants are citizens of Delaware and New Jersey.

**C.** *Nature of Claims*: Plaintiff's short form complaint alleges that Plaintiff suffered permanent hair loss as a result of her being administered the chemotherapy drug docetaxel (Taxotere) to treat cancer. Plaintiff alleges that Sanofi manufactured and sold the Taxotere that was administered to her. Plaintiff seeks monetary damages and asserts the following claims: Strict Product Liability: Failure to Warn, Negligence, Negligent Misrepresentation, Fraudulent Misrepresentation, Fraudulent Concealment, Fraud and Deceit, Intentional Infliction of Emotional Distress, and Punitive Damages. Defendants deny any liability to plaintiffs. There are no counter claims.

**2. PROCEEDINGS TO DATE AND DISCOVERY**

**A.** *Summary of Discovery*: On October 4, 2016, pursuant to 28 U.S.C. § 1407, MDL 2740 was created to coordinate pretrial discovery among thousands of individually filed product liability

actions against manufacturers of the chemotherapy drug docetaxel (Taxotere), including Sanofi. During the MDL, extensive general discovery against Sanofi was conducted for the benefit of all MDL cases pending. This discovery consisted of (1) the production of more than 576,100 documents (or 6,320,000 pages) from 43 separate custodians, (2) depositions of 28 current and former Sanofi employees (including Sanofi's 30(b)(6) witnesses), and (3) responses to more than 160 written discovery requests. *See* Rec. Doc. No. 7, at 80-81. ("Transfer Order"). Discovery against Sanofi concluded in the MDL on December 15, 2018. *Id.* Since that time, the MDL Court has denied additional general discovery requests against Sanofi. Sanofi's position is that the MDL Court did not contemplate any additional discovery against Sanofi on any issues post-remand. *Id.* Plaintiff's position is that general discovery was not taken on the issue of punitive damages, as defendants took the position that such discovery was case/state specific and because *Lexecon* prevented the trial of a case in a jurisdiction that allowed for imposition of punitive damages. Sanofi disputes this and states that it produced punitive damages discovery including financial information in the MDL. Extensive general expert discovery was also conducted. Discovery remaining likely includes both case-specific written discovery and depositions of the plaintiff, fact witnesses, treating physicians and case-specific experts.

**B.** ***Depositions***: The approximate number of outstanding depositions is likely seven (7).

**C.** ***Discovery Cut-off Date***: No date exists. The parties suggested date is March 31, 2025.

**D.** ***Deadline to Amend Pleadings***: It is Sanofi's position that Plaintiff's Short Form Complaint, MDL Second Amended Master Complaint, and Sanofi's MDL Master Answer constitute the operative pleadings and that no amendment is necessary. Plaintiff intends to seek leave to amend her complaint to include additional factual allegations regarding Sanofi's conduct relevant to tolling/timeliness issues and to amend the definitional allegation of PICA because the

original allegation was vague as to when plaintiffs were aware of such definition and because when a plaintiff's PICA developed and/or was discoverable is inherently plaintiff-specific, necessarily an expert/medical issue, and not tied to a particular arbitrary date. MDL R. Doc. 8334 (Motion for Leave to File Plaintiffs' Third Amended Master Long-Form Complaint). Sanofi opposes this; this case was filed in 2017 and all discovery in the MDL was taken based on the operative pleadings.

3. **PENDING MOTIONS**

**A.**   *Description*: There are currently no pending motions. Sanofi may seek to file an early summary judgment motion on the statute of limitations and the learned intermediary doctrine upon completion of the plaintiff and treating physician depositions. Plaintiff intends to seek leave to amend the complaint.

**B.**   *Summary*: A summary of applicable MDL Orders and history is set forth in Exhibit B to the MDL Transfer Order. *See* Transfer Order, at 120-26.

4. **TRIAL**

**A.**   *Jury Demand*: Plaintiff has made a jury demand.

**B.**   *Trial Date*: No trial date set and the earliest possible trial date anticipated is August 2025.

**C.**   *Pretrial Order*: No pretrial order has been filed nor deadline set for filing one.

**D.**   *Estimated Length of Trial*: The parties estimate the length of trial to be 10-days.

5. **REFERRALS AND SETTLEMENT**

**A.**   *Assigned Magistrate Judge*: There is no assigned magistrate judge at this time. Defendants do not consent to having a magistrate judge conduct further proceedings in the case.

**B.**   *Settlement Discussions*: During the MDL there was a mediation process where settlement was discussed on a global basis, that process has not resulted in a settlement of this case.

6. **NO OTHER PERTINENT INFORMATION AT THIS TIME**

Dated: December 13, 2023								Respectfully submitted,

**SANOFI US SERVICES, INC. and SANOFI-AVENTIS U.S. LLC**

By:   */s/ William F. Northrip*
William F. Northrip
Jousef M. Shkoukani
SHOOK, HARDY & BACON, L.L.P
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
wnorthrip@shb.com
jshkoukani@shb.com

*Counsel for Defendants Sanofi US Services Inc. and sanofi-aventis U.S. Inc.*


 */s/ Russell W. Lewis, IV*
Russell W. Lewis, IV
JOHNSON LAW GROUP
2925 Richmond Ave., Suite 1700
Houston, Texas 77098
Phone (713) 626-9336
Fax (866) 902-8647
rlewis@johnsonlawgroup.com

*Counsel for Sherry Hays-Clarke*

## **CERTIFICATE OF SERVICE**

I, William F. Northrip, an attorney, hereby certify that on **December 13, 2023**, I caused a true and correct copy of the Parties' **Joint Status Report** to be electronically filed with the Court via the Court's ECF System, which will serve notice of filing on all counsel of record.

                                                 /s/   William F. Northrip
                                                 ***Counsel for Defendants***